**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4611**

---

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

JORGE PLATA-OCEGUERA,

                                    Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., Chief District Judge.  (CR-04-165)

---

Submitted:  July 31, 2006          Decided:  August 24, 2006

---

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

J. David James, SMITH, JAMES, ROWLETT & COHEN, L.L.P., Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Angela H. Miller, Michael F. Joseph, Assistant United States Attorneys, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Pursuant to a plea agreement, Jorge Plata-Oceguera pled guilty to one count of reentry of an aggravated felon, in violation of 8 U.S.C. § 1326(a) (2000). Plata-Oceguera appeals, challenging the fifty-four month prison sentence imposed by the district court. We affirm.

Plata-Oceguera first argues that the district court improperly sentenced him to a term exceeding two years under 8 U.S.C. § 1326(b)(2) (2000). Under § 1326(a), an alien who illegally returns to the United States after being removed may be imprisoned for up to two years. However, § 1326(b)(2) provides that if the alien's "removal was subsequent to an aggravated felony," he faces a maximum prison term of twenty years.

Plata-Oceguera concedes that the Supreme Court ruled in Almendarez-Torres v. United States, 523 U.S. 224 (1998), that § 1326(b)(2) is a penalty provision, not an element of the offense which must be charged in the indictment and proven beyond a reasonable doubt. However, he contends that Almendarez-Torres was called into question by the Supreme Court's opinion in Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny and should no longer be considered binding precedent. Although Apprendi expressed some uncertainty regarding the future vitality of Almendarez-Torres, we have subsequently concluded that Almendarez-Torres was not overruled by Apprendi, and remains the law. See United States v. Cheek, 415 F.3d 349, 352-53 (4th Cir.), cert. denied, 126 S. Ct. 640 (2005).

Next, Plata-Oceguera asserts that the district court erred in adopting the findings in the presentence investigation report ("PSR") that a sixteen-level increase in offense level was warranted under U.S. Sentencing Guidelines Manual § 2L1.2 (2003), because Plata-Oceguera's 1997 drug conspiracy conviction resulted in a twenty-five month sentence and qualified as an aggravated felony. To the extent that Plata-Oceguera challenges the finding that the length of his 1997 sentence was twenty-five months, we find that he failed to meet his burden of showing that information relied upon by the district court was incorrect. United States v. Love, 134 F.3d 595, 606 (4th Cir. 1998); United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990).

We also reject Plata-Oceguera's argument that the district court miscalculated his guideline range. In determining a sentence, the court must calculate and consider the guideline range, as well as the sentencing factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006). United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). "A sentence within the proper advisory Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006).

Section 2L1.2(b)(1)(A)(I) of the federal sentencing guidelines applies a sixteen-level enhancement if the defendant was previously deported after "a conviction for a felony that is . . . a drug trafficking offense for which the sentence exceeded 13 months." Here, the district court properly calculated Plata-Oceguera's guideline range to include a sixteen-level enhancement

under USSG § 2L1.2(b)(1)(A)(i) because Plata-Oceguera was previously deported after his 1997 drug trafficking conviction for which he received a twenty-five month sentence. We therefore find that Plata-Oceguera's sentence was within the statutory maximum and was reasonable.

For these reasons, we affirm Plata-Oceguera's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED